```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
   SEGUNDO EUDORO LAZO VERA,               :
                                           :
                     Plaintiff,            :
                                           :    MEMORANDUM DECISION AND
                  - against -              :    ORDER
                                           :
                                           :    22-cv-4860 (BMC)
                                           :
   THE FOOD PYRAMID CORP., and             :
   MARTIN BASCH,                           :
                                           :
                     Defendants.           :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

Plaintiff has moved for a default judgment against the corporate defendant and its individual owner/manager for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and corresponding provisions of the New York Labor Law. Plaintiff alleges that defendants failed to pay him minimum and overtime wages and a spread-of-hours premium, and failed to provide him with wage statements and wage notices required by state law. For the following reasons, the motion is granted in part and denied in part.

The record reflects that both defendants were properly served but have not answered, appeared in this action, responded to the instant motion for default judgment, or otherwise defended this action. Accordingly, the Court finds both defendants in default.

When a defendant defaults, the court is required to accept all of the factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009). However, the court also must determine whether the allegations in the complaint establish the defendants' liability as a matter of law. Id. Here, those requirements are met.

The well-pleaded allegations in the complaint meet the jurisdictional prerequisites of the FLSA. See 29 U.S.C. §§ 206(a), 207(a)(1); see also Guerrero v. Danny's Furniture Inc., No. 19-cv-7284, 2021 WL 4155124, at *2 (S.D.N.Y. Sept. 13, 2021). The Court further finds that the complaint's allegations constitute violations of the minimum wage and overtime provisions of the FLSA, see 29 U.S.C. §§ 206(a), 207(a)(1), 255(a); Guerrero, 2021 WL 4155124, at *2, and that plaintiff has adequately pled individual liability.

"'[W]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages.'" Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC, 779 F.3d 182, 189 (2d Cir. 2015) (quoting Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc., 699 F.3d 230, 234 (2d Cir. 2012)). The court must conduct an inquiry to "ascertain the amount of damages with reasonable certainty." Credit Lyonnais Sec., Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999) (citing Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997)). The court may determine that there is a sufficient evidentiary basis for the damages sought by the plaintiff by reviewing affidavits and other documentary evidence. See Cement & Concrete Workers Dist. Council Welfare Fund, 699 F.3d at 234.

Plaintiff requests an award of monetary damages in the amount of $4160 for unpaid minimum wages and $34,127.89 in unpaid overtime. In support of this request, plaintiff has submitted a sworn statement with his estimates of the days of the week and hours that he worked. The Court finds that this proof is sufficient to establish damages to a reasonable certainty and no further hearing is required. In addition, plaintiff has established that he is entitled to the "spread-of-hours" premium under the New York Labor Law in the amount of $10,710.86. He is also

2

entitled to liquidated damages equal to the total of his unpaid minimum wages, overtime, and spread-of-hours premium, that is, $48,998.75.

I reject plaintiff's claims for damages under the wage notice and wage statement provisions of NYLL § 195(1) and § 195(3). These provisions provide for a statutory penalty for the failure to give proper notices, but the penalty bears no relation to any actual and concrete injury that plaintiff has suffered as a result of their violation, and, indeed, plaintiff alleges none. As this Court and others have held, the lack of an actual and concrete injury means that plaintiff lacks standing to pursue these claims in federal court. See Deng v. Frequency Electronics, Inc., 21-cv-6081, 2022 WL 16923999 (E.D.N.Y. Nov. 14, 2022).

Accordingly, plaintiff's motion for a default judgment is granted to the extent set forth above. The Clerk is directed to enter judgment against defendants, jointly and severally, in the amount of $97,997.50.

**SO ORDERED.**

Digitally signed by Brian M. Cogan

U.S.D.J.

Dated: Brooklyn, New York
　　　　January 25, 2023

3